**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A CRIMINAL COMPLAINT**

I, Edmilany L. Rubio, Special Agent of the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), being first duly sworn, hereby depose and state under oath that:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent with Homeland Security Investigations (HSI), San Juan, Puerto Rico, and have been employed since May 2024. I am currently assigned to the Seaport-Border Enforcement Security Task Force (BEST) in San Juan, Puerto Rico. Prior to my appointment as a Homeland Security Investigations Special Agent, I was appointed in 2019 as Director of Investigation and Complaints Division with the Puerto Rico Office of Inspector General.

2. Your affiant, as a Special Agent, has the responsibility of conducting investigations of alleged Manufacturing, Distribution, or Possession of Controlled Substances (Title 21, United States Code, Section 841(A)(1), Importation of Controlled Substances (Title 21, United States Code, Section 952(A), Smuggling of Goods into The United States (Title 18, United States Code, Section 545), Failure to Declare (31 U.S.C. § 5316), Money Laundering (18 U.S.C. § 1956), Bulk Cash Smuggling (31 U.S.C. § 5332), Alien Smuggling (8 U.S.C. § 1324), Entry Without Inspection (8 U.S.C. § 1325); immigration-related matters (Title 8, United States Code) and other related offenses.

3. Your affiant, as a Homeland Security Investigations Special Agent, has received formal and on the job training and I am authorized to investigate violations of laws of the United States and to execute and serve any order, subpoena, summons, warrant, or other process issued under the authority of the United States. I am familiar with the statutes of the United States Code,

and as a federal law enforcement officer, I have participated in investigations, surveillance, interviews, interrogations, arrests, searches, seizures, administration of oaths, and in taking and considering evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the United States. My law enforcement experience detailed herein, as well as my training, and the experience of other law enforcement officers who are participating in this investigation, serve as the basis for the conclusion set forth herein.

4. Based on my training, experience, and information from other investigators, I am familiar with narcotics traffickers' methods of operation including the distribution, storage, and transportation of narcotics, and the collection of money proceeds of narcotics trafficking.

5. I am also familiar with methods employed by large narcotics organizations to thwart detection by law enforcement, including the use of vague and coded language, debit calling cards, cellular telephone technology, counter surveillance, false or fictitious identities, encrypted mobile applications, and encoded communications.

6. This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about this matter. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

7. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(1)(B)(ii) and 963 (Conspiracy to Import a Controlled Substance into the United States) have been committed by Jonathan Radames VICENTE-RAMIREZ (hereinafter referred to as "Vicente-Ramirez"); Omar

Jhon PAREDES (hereinafter referred to as "Paredes"); Sandy Jasiel FIGARO (hereinafter referred to as "Figaro"); Henry Junior GUERRERO-MEDINA ("Guerrero-Medina"); Carlos CASTILLO-REYES (hereinafter referred to as "Castillo-Reyes"), and Cristofel LIZARDO-ADAMES (hereinafter referred to as "Lizardo-Adames").

## PROBABLE CAUSE

8. On April 28, 2025, Homeland Security Investigations (HSI) San Juan, Border Enforcement Security Task Force (BEST) was contacted by Customs and Border Protection (CBP), Office of Air and Marine Operations, San Juan Marine Unit (SJMU), regarding the intervention and arrest of six (6) subjects who were attempting to introduce multiple bales of cocaine to the United States on a vessel (Yawl).

9. On April 27, 2025, at approximately 23:37 AST, Troy 312, a Caribbean Air and Marine Branch (CAMB) Marine Enforcement Aircraft (MEA) detected a possible Surface Target of Interest (STOI) approximately 50 nautical miles north of Puerto Rico. The vessel was described as an Eduardoño-type vessel navigating without navigational lights at an approximate speed of 25 knots with several occupants onboard.

10. On April 28, 2025, at approximately 00:30 AST, San Juan Marine Unit was called out and responded launching Coastal Interceptor Vessel (CIV) M847.

11. At approximately 02:42 AST, the MEA directed M847 to interdict the suspicious vessel. Upon obtaining a visual, the crew activated the interceptor's blue lights, siren, and hailer in an attempt to stop the vessel. The operator ignored all commands and started to drive erratically to avoid the law enforcement vessel. The crew of M847 immediately deployed two marine warning rounds and immediately observed passengers throwing bales into the water. The crew of M847 made the tactical decision to stop the evolution and recovered two (2) bales from the sea before

resuming the pursuit of the STOI. Subsequently, the Tactical Boarding Officer (TBO) deployed 4 disabling rounds disabling the starboard side engine of the STOI.

12. The operator of the vessel continued fleeing southbound on one engine and driving erratically while the vessel was taking on water. The vessel was forcefully stopped eleven (11) nautical miles north of Hatillo, Puerto Rico. A total of six (6) Dominican nationals without proper documentation to enter or remain in the United States legally were apprehended and six (6) bales of cocaine were seized. A field-test of the bales yielded positive results for cocaine.

13. The vessel was deemed not seaworthy and abandoned at sea after proper notification was made to the United States Coast Guard. The contraband, six (6) subjects, two (2) GPSs and one (1) smartphone were transferred to the custody of Special Agents from the Homeland Security Investigation San Juan Border Enforcement Security Task Force (HSI-BEST) for further processing. The official weight of the cocaine seized was 181 kilograms.

14. On the same day, HSI SA Edmilany L. Rubio and Task Force Officer Victor Perez-Pillot interviewed the suspects and identified them as: Jonathan Radames VICENTE RAMIREZ (hereinafter referred to as "Vicente-Ramirez"); Omar Jhon PAREDES (hereinafter referred to as "Paredes"); Sandy Jasiel FIGARO (hereinafter referred to as "Figaro"); Henry Junior GUERRERO-MEDINA ("Guerrero- Medina"); Carlos CASTILLO- REYES (hereinafter referred to as "CASTILLO-REYES"), and Cristofel LIZARDO-ADAMES (hereinafter, "Lizardo-Adames"); all from the Dominican Republic.

15. Law enforcement officers read each suspect the Miranda Warnings in their native language, Spanish, which they voluntarily waived. The suspects stated that they had traveled from the Dominican Republic to Puerto Rico in a yawl containing narcotics intended to be smuggled into U.S. territory.

## CONCLUSION

16.     Based on the forgoing, and based upon my training, experience and participation in this and other investigations, I believe that sufficient probable cause exists to demonstrate that Vicente-Ramirez; Paredes; Figaro; Guerrero-Medina; Castillo-Reyes, and Lizardo-Adames, violated 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(1)(B)(ii) and 963 (Conspiracy to Import a Controlled Substance into the United States).

17.     Based upon the aforementioned, as stated above, your affiant respectfully requests that a warrant be issued for the arrest of Vicente-Ramirez; Paredes; Figaro; Guerrero-Medina; Castillo- Reyes, and Lizardo-Adames, for violations of violated 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(1)(B)(ii) and 963 (Conspiracy to Import a Controlled Substance into the United States) .

Respectfully submitted,

_____
Edmilany L. Rubio
Special Agent
Homeland Security Investigations

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at  6:21PM  this  28th  day of April 2025.

_____
**HON. MARSHAL D. MORGAN**
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO